## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

LIONEL WILLIAMS                                                                    CIVIL ACTION

VERSUS                                                                                    NO. 15-3852

N. BURL CAIN, WARDEN                                                        SECTION: "R"(3)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Lionel Williams, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  On September 26, 2001, he was convicted of second degree murder under Louisiana law.[1]  On December 23, 2002, he was sentenced to a term of life imprisonment without benefit of probation, parole, or suspension of sentence.[2]  On February 23,

---

[1] State Rec., Vol. 2 of 3, trial transcript, p. 215; State Rec., Vol. 3 of 3, minute entry dated September 26, 2001.
[2] State Rec., Vol. 2 of 3, transcript of December 23, 2002; State Rec., Vol. 3 of 3, minute entry dated December 23, 2002; State Rec., Vol. 1 of 3, Reasons for Sentence.

2004, the Louisiana First Circuit Court of Appeal affirmed his conviction and sentence.[3]   The Louisiana Supreme Court then denied his related writ application on September 24, 2004.[4]

On September 19, 2006, petitioner, through counsel, filed an application for post-conviction relief with the state district court.[5]   That application was denied on February 25, 2008.[6]

In 2013, petitioner then filed a second post-conviction application with the state district court.[7]   That application was likewise denied on March 24, 2014.[8]   His related writ applications were similarly denied by the Louisiana First Circuit Court of Appeal on July 28, 2014,[9] and by the Louisiana Supreme Court on July 31, 2015.[10]

On or after August 26, 2015, petitioner filed the instant federal application for *habeas corpus* relief claiming that he received ineffective assistance of counsel.[11]   The state has filed a response arguing that the application is untimely.[12]   The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a statute of limitations for petitioners seeking federal *habeas corpus* relief pursuant to 28 U.S.C. § 2254. Specifically, the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[3] State v. Williams, No. 2003 KA 1424 (La. App. 1st Cir. Feb. 23, 2004); State Rec., Vol. 3 of 3.
[4] State v. Williams, 882 So.2d 1167 (La. 2004); State Rec., Vol. 3 of 3.
[5] State Rec., Vol. 1 of 3.
[6] State Rec., Vol. 3 of 3, minute entry dated February 25, 2008.
[7] State Rec., Vol. 3 of 3.
[8] State Rec., Vol. 3 of 3, transcript of March 24, 2014; State Rec., Vol. 3 of 3, minute entry dated March 24, 2014.
[9] State v. Williams, No. 2014 KW 0707 (La. App. 1st Cir. July 28, 2014); State Rec., Vol. 3 of 3.
[10] State *ex rel.* Williams v. State, 174 So.3d 1148 (La. 2015); Rec. Doc. 1-1, p. 2.
[11] Rec. Doc. 1.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Petitioner signed his federal application on August 26, 2015; therefore, it could not have been delivered to prison authorities for mailing prior to that date.
[12] Rec. Docs. 8 and 9.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Clearly, Subsection (B) does not apply in that petitioner does not allege that a state-created impediment prevented him from filing a timely application.

Subsection (D) is likewise inapplicable because petitioner's claims do not involve a recently discovered factual predicate.

Petitioner argues that his federal application falls under Subsection (C) because his claims are purportedly based on a new rule of constitutional law first recognized in Missouri v. Frye, 132 S. Ct. 1399 (2012),[13] and Lafler v. Cooper, 132 S. Ct. 1376 (2012).[14]  However, that argument has

---

[13] In Frye, the Supreme Court held:

[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. …  When defense counsel allow[s an] offer to expire without advising the defendant or allowing him to consider it, defense counsel d[oes] not render the effective assistance the Constitution requires.

Frye, 132 S. Ct. at 1408.

[14] In Lafler, the Supreme Court the addressed how prejudice is to be determined where a petitioner claims that his counsel's ineffective assistance resulted in the petitioner rejecting a favorable plea bargain and is then subsequently

no merit.  Subsection (C) does not apply because <u>Frye</u> and <u>Lafler</u> did not in fact announce a newly recognized rule of constitutional law; rather, those decisions "merely applied the Sixth Amendment right to counsel to a specific factual context."  <u>See</u> <u>In re</u> <u>King</u>, 697 F.3d 1189 (5th Cir. 2012); <u>Miller v. Thaler</u>, 714 F.3d 897, 902 (5th Cir. 2013); <u>Watts v. McCain</u>, Civ. Action No. 15-1050, 2015 WL 6696582, at *6 (E.D. La. Nov. 3, 2015); <u>Stewart v. Stephens</u>, Civ. No. 7:13-CV-013, 2015 WL 6522828, at *2 (N.D. Tex. Oct. 26, 2015); <u>Alvarado v. Stephens</u>, Civ. Action No. H-14-2587, 2015 WL 3775416, at *3 (S.D. Tex. June 16, 2015); <u>Ates v. Goodwin</u>, Civ. Action No. 14-1108, 2014 WL 4207595, at *3-4 (W.D. La. Aug. 25, 2014); <u>Johnson v. Rader</u>, Civ. Action Nos. 13-2996 and 13-3677, 2014 WL 198165, at *4-5 (E.D. La. Jan. 16, 2014).

Therefore, by default, Subsection (A) controls in the instant case.  As noted, Subsection (A) requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."  28 U.S.C. § 2244(d)(1)(A).  On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  *When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.*  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

<u>Butler v. Cain</u>, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

As noted, the Louisiana Supreme Court denied petitioner's direct-review writ application on September 24, 2004.  Accordingly, for AEDPA purposes, his state criminal judgment became

---

convicted at trial.  The Court also addressed the appropriate remedy to be imposed when a court finds a meritorious ineffective assistance of counsel claim of that type.

final, and his federal limitations period therefore commenced, on December 23, 2004.  That federal limitations period then expired one year later on December 23, 2005, unless the filing deadline was extended through tolling.

The Court first considers statutory tolling.  Regarding the statute of limitations, the AEDPA expressly provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  However, petitioner had no such applications pending before the state courts during the applicable one-year period.  Therefore, he clearly is not entitled to statutory tolling.[15]

The Court must next consider equitable tolling.  The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645 (2010).  However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").  A petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  In the instant case, petitioner has brought forth no evidence

---

[15] Although he subsequently filed such applications in 2006 and 2013, applications filed *after* the expiration of the federal statute of limitations have no bearing on § 2244(d)(2) tolling determinations.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).  Simply put, once the federal limitations period has expired, "[t]here [i]s nothing to toll."  Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court has held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  Id. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  Here, petitioner does not invoke McQuiggin and, in any event, he has not made colorable showing that he is actually innocent in light of "new evidence."

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for *habeas corpus* relief had to be filed no later than December 23, 2005, in order to be timely.  His federal application was not filed until on or after August 26, 2015, and, therefore, it is untimely.

## <u>RECOMMENDATION</u>

It is therefore **RECOMMENDED** that the federal application for *habeas corpus* relief filed by Lionel Williams be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[16]

New Orleans, Louisiana, this twentieth day of January, 2016.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.