UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LIONEL WILLIAMS | CIVIL ACTION |
| VERSUS | NO: 15-3852 |
| N. BURL CAIN, WARDEN | SECTION: R |

# ORDER

Before the Court is Lionel Williams's petition for federal habeas corpus relief under 28 U.S.C. § 2254. The Court, having reviewed de novo the petition,[1] the record, the applicable law, the Magistrate Judge's Report and Recommendation ("R & R"),[2] and the petitioner's objections thereto,[3] hereby approves the R & R and adopts it as its opinion.

As the Magistrate Judge correctly concludes, Williams's petition is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one year statute of limitations for state prisoners seeking federal habeas corpus relief. 28 U.S.C. § 2244(d)(1). That one year period runs from the latest of four triggering events, including, as relevant here, "the date on which the judgment of conviction becomes final" and "the

---

[1] R. Doc. 1.

[2] R. Doc. 10.

[3] R. Doc. 12.

date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* at § 2244(d)(1)(A), (C).  Williams contends that two Supreme Court decisions, *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), provide new rules of constitutional law that afford him relief.  Thus, he argues that his limitations period began to run on the date those decisions were issued, not the earlier date on which his conviction became final.

The Fifth Circuit has repeatedly held that *Lafler* and *Frye* did not announce new constitutional rules; they merely applied the Sixth Amendment right to counsel, as defined in *Strickland v. Washington*, 466 U.S. 668 (1984), to a specific factual context.  *See Miller v. Thaler*, 714 F.3d 897, 902 (5th Cir. 2013); *In re King*, 697 F.3d 1189 (5th Cir. 2012).  Thus, the triggering event for new constitutional rights does not apply to Williams's petition. Under AEDPA, the period for Williams to seek federal habeas relief began to run on the date that his conviction became final, December 23, 2004, and expired one year later on December 23, 2005.  Because Williams did not file his federal habeas petition until on or after August 26, 2015, his petition is time-barred and must be dismissed.

Williams does not seriously dispute that his federal habeas petition is

untimely. Instead, he argues in his objections that a Louisiana court incorrectly applied Louisiana law in finding a time bar to one of his previous state habeas petitions. According to Williams, even if *Lafler* and *Frye* did not create a new constitutional rule for purposes of AEDPA, they nonetheless turned on "a theretofore unknown interpretation of constitutional law," which warrants relief from Louisiana's two year statute of limitations for habeas petitions. *See* La. Code Crim. Proc. art. 930.8(A)(2) (providing an exception from the usual limitations period for habeas petitions involving "a theretofore unknown interpretation of constitutional law" that has been made "retroactively applicable to [the petitioner's] case").

To the extent Williams asks this Court to review the Louisiana court's application of article 930.8(A)(2) to his state habeas petition, his request is beyond the scope of federal habeas corpus review. As the Supreme Court has explained, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Hill v. Johnson*, 210 F.3d 481, 491 (5th Cir. 2000) (explaining that even if a Texas court misapplied its own precedent, "this was a violation of state law [and] . . . . such a violation is not the concern

of a federal habeas court"). Moreover, even if the Court could review this issue, it would find no error in the Louisiana court's application of Louisiana law. *See State v. Bradley*, 155 So. 3d 565, 567 (La. App. 2 Cir. 2013) (holding that *Lafler* and *Frye* did not involve a "theretofore unknown interpretation of constitutional law" for purposes of article 930.8(A)(2)).

To the extent Williams argues that the Louisiana court's disposition of his state habeas petition requires this Court to equitably toll AEDPA's statute of limitations for federal habeas relief, his argument lacks merit. AEDPA's limitations period is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). But a petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649 (internal quotation omitted). As the party seeking equitable relief, the burden is on the petitioner to "demonstrate 'rare and exceptional circumstances' warranting application of the [tolling] doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (quoting *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000)).

Here, Williams fails to carry his burden of proof. Although Williams claims that the state court erred in deeming an earlier state habeas petition untimely, he gives no evidence or argument for how this alleged error

4

prevented him from filing a timely petition in federal court. Moreover, that Williams waited over ten years from the date on which his conviction became final to seek federal habeas relief only confirms his lack of diligence in pursuing his rights. *See Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012) (finding that petitioner was not entitled to equitable tolling of AEDPA's statute of limitations when he did not diligently pursue federal habeas relief for more than 19 months after conviction became final). Accordingly, Williams's objections to the Report and Recommendation are without merit.

Rule 11(a) of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court finds that Williams's petition, in conjunction with his objections to the Magistrate Judge's R & R, does not

satisfy this standard. Thus, the Court will not issue a certificate of appealability.

For the foregoing reasons, the Court DENIES Williams's petition for habeas corpus and DENIES a certificate of appealability.

New Orleans, Louisiana, this 29th day of July, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE